IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MECHANICS BANK                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO.3:06CV102-JAD

MATTHEW BRUNO                                                                  DEFENDANT

## MEMORANDUM OPINION

Mechanics Bank loaned Water Valley Poultry, Inc. $700,000.00 on June 27, 2005. Matthew Bruno signed a guaranty on this loan, along with John G. Craig, the president of Water Valley Poultry. Because Water Valley Poultry paid no portion of the principal or interest when the note matured one year later, the bank sued Bruno on the guaranty in this court on August 9, 2006.

Mechanics Bank has filed a motion for summary judgment against Bruno seeking judgment for the principal, accrued interest and costs of collection. Bruno does not contest the motion for summary judgment, but has filed a motion to dismiss, challenging this court's jurisdiction over his person. Mechanics Bank opposes the motion alleging first that Bruno has waived any challenge to personal jurisdiction by not timely asserting the defense and ,secondly, that the court has in personam jurisdiction of Bruno. Bruno claims that California law controls the contract and that, therefore, California law controls whether this court has jurisdiction over his person.

### Waiver

Mechanics Bank contends that Bruno has failed to present his defense of lack of personal jurisdiction in a timely fashion and has waived any objection. The defendant from his initial pleading "Affirmative Defenses and Motion to Stay" on December 1, 2006 through July 16, 2007 when he filed his answer never raised the defense either by Rule 12 motion or by listing it as an

affirmative defense. To the contrary, the answer affirmatively admitted that personal jurisdcition existed over Bruno. Only on July 30, 2007 when ordered to respond to the long pending motion for summary judgment did Bruno by his Motion to Dismiss and an attempted amended answer raise the issue. Bruno does not address the issue of waiver in his reply to the motion to dismiss and has effectively conceded this issue.

Bruno has waived the right to challenge the jurisdiction of this court over his person by failing to bring the challenge in a timely manner. *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115(5th Cir. 1982); *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F. 2d 278, 280(5th Cir. 1987). When he initially appeared in this matter he was required to raise this defense by motion or as an affirmative defense. He did neither. On that basis alone the motion to dismiss must be denied.

PERSONAL JURISDICTION

Even if Bruno had not waived the issue, the court finds that the motion to dismiss should be denied on the merits. While the plaintiff contends Mississippi law controls the question of personal jurisdiction and the defendant contends that California law determines whether he may be haled into court in Mississippi, the ultimate conclusion is the same.

Matthew Bruno is admittedly a resident citizen of the State of California. There is nothing before the court to dispute his assertion that he has only been physically present in the State of Mississippi on one occasion. But Matthew Bruno is a director and shareholder in Water Valley Poultry, Inc. The plaintiff has represented, without contradiction from Bruno, that this is a Mississippi corporation doing business in the State of Mississippi and that Bruno is an officer in the corporation. Additionally, Bruno admits in his affidavit that his one trip to the State of Mississippi was to meet with representatives of the plaintiff, a Mississippi chartered bank, at which time he

2

engaged in negotiations for the loan to Water Valley Poultry. The note he guaranteed, though he is not a party to it, provides on its face that sums on the line of credit were to be advanced on the request of Craig or Bruno. While Bruno signed the guaranty in California, the face of the guaranty lists Water Valley, Mississippi, as the place of the contract, though the court does not suggest that this establishes the place of execution. Bruno or someone on his behalf obviously delivered the guaranty to the bank in Mississippi in order to facilitate financing for the Mississippi business. Pursuant to the note and guaranty, as Bruno had to foresee, monies were advanced from the Mississippi bank to the Mississippi business in which Bruno without dispute held an ownership interest and on whose board of directors he served. California's only connection with and interest in this case is Bruno's continuing presence in the state.

Under Mississippi law the court must first determine whether it has jurisdiction under the terms of the statute and then determine whether the statutorily provided jurisdiction offends constitutional limits. Bruno does not argue that the Mississippi long arm statute fails to cover this case, only that it should not apply. The statute provides for in personam jurisdiction over any individual who enters into a contract with a Mississippi resident to be performed in whole or in part in the state of Mississippi. § 13-3-57 Miss. Code Ann. This statute clearly covers Bruno and provides for jurisdiction in this state.

California's long arm statute has been interpreted as being coextensive with the limits of the Due Process Clause. *Schmitt v. Aron*, 224 Cal.App.3d 1086, 274 Cal.Rptr 357(Cal.App1Dist 1990). *Sibley v. Superior Court of Los Angeles County*, 16 Cal. 3d 442, 546 P.2d 322(Cal. 1976). Therefore, the remaining analysis is ultimately a matter of federal constitutional law.

Does Bruno have minimum contacts with the state of Mississippi such that maintaining the suit against him in this state does not offend "traditional notions of fair play and substantial justice?" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Because this action arises from and is directly related to Bruno's contacts with the state of Mississippi, it is not necessary that those contacts be systematic and continuous. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S. Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984); *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990); *Wilson v Belin*, 230 F.3d 644. 647(5th Cir. 1994). It is sufficient if Bruno has purposefully directed activities toward residents of this state or otherwise availed himself of the privilege of conducting activities in this state, provided the exercise of personal jurisdiction is otherwise reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478, 105 S.Ct. 2174, 2184-85, 85L.Ed.2d 528 (1985). There is nothing "random, fortuitous or attenuated" about Bruno's contacts with this state. *Id*. at 475, 105 S.Ct. at 2183. The contacts have been by his deliberate actions and are not the result of unilateral acts by Mechanics Bank. Under the circumstances of the case Bruno should have reasonably foreseen and anticipated being brought before some court in Mississippi if Water Valley failed to pay its note. *World-Wide Volkswagen v. Woodson,*, 444 U.S. 296,297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490(1980); *Marathon Metallic Building Company v. Mountain Empire Construction Co.*, 653 F.2d. 921(5th Cir. 1981)(Colorado citizen, who was officer, director and shareholder of a Colorado corporation, doing business in Colorado, was amenable to suit in Texas on his personal guaranty issued to Texas corporation which resulted in the Texas company extending credit and shipping goods to the Colorado company).

4

The court has reviewed the cases cited by the defendant and finds they are distinguishable. In *Sibley v. Superior Court of Los Angeles County, supra*., a California partnership formed a limited partnership with a Georgia corporation to operate a mobile home park in Georgia. The California partnership then attempted to sue a Florida guarantor in California. Because the Florida guarantor had no related connection to California and had not purposefully availed itself of the privilege of conducting activities in that state or invoked the protection of its laws, *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283(1958), the guarantor was not subject to the jurisdiction of its courts. Obviously the Florida guarantor in this case is not in Bruno's position.

In *Insurance Company of the West v. Smith,* 2007 WL 708586(Cal. App. 2007) two non-resident guarantors were found to be beyond the jurisdiction of the California courts though they had executed guaranties to a California corporation. The guaranty was issued on behalf of a California agency and was the guarantors only connection to California. Neither guarantor had negotiated with or had any communication with the plaintiff. Neither derived any economic benefit from the guaranty. Bruno, by comparison, is an officer and stockholder of Water Valley Poultry and traveled to Mississippi to engage in negotiations with the plaintiff that ultimately culminated in the loan to Water Valley Poultry. The other California cases are likewise clearly distinguishable. *Hunt v. Superior Court of San Diego,* 81 Cal.App.4th 901(Cal. App. 2000)(Neither the Maryland citizen who negotiated, purchased and took possession of equipment in Maryland from a Maryland business, nor the Maryland citizen who issued a guaranty, were amenable to suit in California where the only connection to California was the presence of the financing agency); *Forsythe v. Overmyer*, 576 F.2d 779(9th Cir. 1978)(New York CEO of Oregon company was subject to California jurisdiction based

on guaranty to California citizens where CEO by telephone, interjected himself into negotiations, by agreeing to guaranty in order to procure California contract for the benefit of Oregon company) *Ruger* v. *Superior Court of Sacramento County*, 118 Cal.App.3d 427, 173 Cal.Rptr. 302(Cal. App. 1981)(In a case involving claims for personal injury, not a guaranty, the president, director and major shareholder was not amenable to suit in California, though his corporation had submitted to the jurisdiction of the California courts).

The motion to dismiss is denied.

<u>Summary Judgment</u>

The motion for summary judgment has not been contested and is, therefore, granted. The plaintiff is entitled to judgment for the principal, interest and reasonable costs of collection. The court must determine these amounts. The plaintiff has already submitted its claim on the note for the total amount to be paid of $792,745.21 in principal and interest as of September 11, 2007. The plaintiff also seeks reimbursement of insurance and other expenses incurred as a result of Water Valley's default and for attorney's fees for not only this litigation but two related litigations. The court does not understand Bruno's concession of the summary judgment to necessarily include all items now being claimed by Mechanics Bank.

In order to enter a final judgment herein it will be necessary to determine what constitutes reasonable attorney's fees and costs of collection. This matter will be handled in accordance with a separate order of the court.

This the 13th day of September, 2007.

/s/ Jerry A. Davis  
UNITED STATES MAGISTRATE JUDGE